URBAN IMPERIAL BUILDING & RENTAL CORPORATION, Appellant,

v.

CITY OF AKRON et al., Appellees.

[Cite as *Urban Imperial Bldg. & Rental Corp. v. Akron* (2000), 139 Ohio App.3d 221.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 19933.

Decided Oct. 11, 2000.

*Richard S. Kasay,* for appellant.

*Max Rothal,* Director of Law, and *John York,* Assistant Director of Law, for appellees.

WHITMORE, Judge.

Appellant Urban Imperial Building & Rental Corporation has appealed an order of the Summit County Common Pleas Court holding Akron Codified Ordinance 150.40 constitutional as applied in this case. This court reverses.

I

On February 26, 1998, appellant, the owner of at least twenty-four residential/rental properties located in the city of Akron ("the city"), was convicted of two counts of failure to register rental units, a violation of Akron Codified Ordinance ("A.C.O.") 150.30(A). A.C.O. 150.30(A) provides:

"REGISTRATION REQUIRED. An owner or operator shall register, on a registration form that the Department of Public Health shall provide, all rental units that the owner owns, or that the operator operates, no later than January 1 of each year, and upon the completion of transfer of title to a premises or structure with a rental unit."

On March 22, 1999, the city's Department of Public Health served appellant with an order directing it to submit to mandatory semi-annual inspections pursuant to A.C.O. 150.40(A)(2), which provides:

"RENTAL UNIT MANDATORY INSPECTION REQUIRED. The owner or operator of a premises with a rental unit shall have the interior and exterior of the premises, its structures and its rental units inspected semi-annually, for a minimum of four years, to determine compliance with the Health, Safety and Sanitation Code, Litter Code, Housing Code, and Zoning Code * * * [i]f the owner or operator has been convicted of a violation of this chapter[.]"

Furthermore, A.C.O. 150.40(E) establishes the following administrative fees for these mandatory inspections: $125 for premises with one rental unit; $175 for premises with two rental units; $225 for premises with three rental units; $250 for premises with four rental units; and $265 for premises having five or more rental units, with $15 for each additional unit. A.C.O 150.40(E). The city's inspection order and accompanying letter specifically stated that (1) the inspections were due to appellant's February 26, 1998 housing code convictions, and (2) each of appellant's residential/rental properties was subject to inspection.

On March 31, 1999, appellant appealed the city's order to the Housing Appeals Board. The appeal was heard and denied on April 20, 1999. Thereafter, appellant filed a timely administrative appeal with the Summit County Common Pleas Court, questioning the Housing Appeals Board's decision and the constitutionality of A.C.O. 150.40 as applied to appellant. On December 23, 1999, the common pleas court held that the ordinance was constitutional and affirmed. Appellant timely appealed, asserting one assignment of error:

"The [common pleas court] erred in not determining that [A.C.O. 150.40] violates federal and state due process as applied to appellant in this case."

II

■ For its sole assignment of error, appellant has challenged A.C.O. 150.40, claiming that it violates the Due Process Clauses of both the Ohio and the United States Constitutions. In *Desenco, Inc. v. Akron* (1999), 84 Ohio St.3d 535, 706 N.E.2d 323, the Ohio Supreme Court recited the standards for substantive due process under each Constitution, when a fundamental right is not involved:

■ "Under the Ohio Constitution, an enactment comports with due process 'if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and if it is not unreasonable or arbitrary.' Federal due process is satisfied if there is a rational relationship between a statute and its purpose." (Citations omitted.) *Id.* at 545, 706 N.E.2d at 333.

■ This court is guided by the precept that legislation is presumed to be constitutional unless the challenger can show beyond a reasonable doubt that it violates a constitutional provision. *Id.* at 538, 706 N.E.2d at 328; *Fabrey v. McDonald Police Dept.* (1994), 70 Ohio St.3d 351, 352, 639 N.E.2d 31, 32–33.

Stated another way, all reasonable doubts about the constitutionality of A.C.O. 150.40 must be resolved in its favor. *Desenco, Inc.*, 84 Ohio St.3d at 538, 706 N.E.2d at 328.

In the instant case, appellant has claimed that, while it is not being deprived of a fundamental right, the enforcement of A.C.O. 150.40 in this case is neither substantially nor rationally related to the purpose of the ordinance. Quoting the language of A.C.O. 150.40(A), appellant has argued that the ordinance's purpose is simply "to determine compliance with the Health, Safety and Sanitation Code, Litter Code, Housing Code and Zoning Code[.]" Appellant has also argued, conversely, that A.C.O. 150.30 promotes a program of record keeping and information gathering. In other words, A.C.O. 150.30 does not and was not intended to promote the enforcement of the codes cited in A.C.O. 150.40(A). Appellant has further maintained that, due to its convictions, the city seeks to impose the mandatory semi-annual inspection program of A.C.O. 150.40 and the attendant administrative fees on every rental property owned by appellant for only two violations of A.C.O. 150.30. Finally, appellant has argued that the unlimited application of the mandatory semi-annual inspection scheme as set forth in A.C.O. 150.40, an ordinance promoting the enforcement of the city's Health, Safety and Sanitation Code, Litter Code, Housing Code, and Zoning Code, is neither substantially nor rationally related to appellant's failure to register just two properties pursuant to A.C.O. 150.30, an ordinance established to maintain a record-keeping program. In short, appellant has suggested that no substantial link exists between a conviction for failure to register two rental properties and the protection of the general public through the mandatory inspection of every other previously registered rental property. As a result, appellant has claimed that the application of A.C.O. 150.40(A) in this instance is unreasonable, arbitrary, and a violation of its substantive due process rights under both the Ohio and United States Constitutions.

In turn, the city has argued that building regulations are one of the oldest forms of municipal police power and that a municipality may enact ordinances reasonably necessary for the safety of its citizens. The city has maintained that appellant's failure to register even two of its rental units necessarily defeats the purpose of A.C.O. 150.40(A), to wit, to determine compliance with the city's various health and housing codes. The city has further argued that based on local statistics,[1] rental units owned by housing code violators are more likely to be in violation of the housing code than units whose owners are without such convictions. Succinctly stated, the city has insisted that appellant's convictions

---

[1]. This court would note that the record is devoid of any statistical data regarding the likelihood of previous housing code offenders to maintain rental units in compliance with health and housing regulations.

reflect that appellant has proven to be an irresponsible property owner and that *each* of appellant's rental units must be subject to the mandatory semi-annual inspections in order to protect the health, safety, and general welfare of the community. This court disagrees.

As the Ohio Supreme Court observed in *Cincinnati v. Correll* (1943), 141 Ohio St. 535, 539, 26 O.O. 116, 117–118, 49 N.E.2d 412, 414, where there is "no plausible, reasonable and substantial connection between the provisions of the act and the supposed evils to be suppressed, there exists no authority for its enactment." In this case, while the link between appellant's unregistered properties and mandatory inspection thereof is easily made, there is no *real* or *substantial* relation between its failure to register and the city's inspection of property already catalogued. The wholesale mandatory inspection of every rental property owned by an individual or entity when that party has been convicted of failing to register only one or two of its units is unreasonable. This court holds, therefore, that A.C.O. 150.40, as applied in this instance, violates appellant's substantive due process rights under the Ohio Constitution beyond any reasonable doubt.[2] The only properties owned by appellant subject to mandatory inspection are those it failed to register. Appellant's assignment of error is well taken.

### III

Appellant's assignment of error is sustained. The judgment of the common pleas court is reversed.

*Judgment reversed.*

SLABY, P.J. and CARR, J., concur.

---

**2.** This court does not reach the federal question, as the ordinance is invalid under the Ohio Constitution.